| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>El Paso County Judicial Building<br>270 South Tejon<br>Colorado Springs, CO 80903 | EFILED Document<br>CO El Paso County District Court 4th JD<br>Filing Date: Dec 13 2007 1:45PM MST<br>Filing ID: 17653585<br>Review Clerk: Sharon Robinson |
| **RHONDA EVANS BARNSBEE**<br>**Plaintiff,**<br><br>**vs.**<br><br>**DAVOL, INC., and C.R. BARD, INC.,**<br>**Defendants.** | ▲COURT USE ONLY▲<br><br>CASE NUMBER:<br><br>DIVISION: |
| <u>Attorney for Plaintiff</u>:<br>Justin R. Melat, P.C.<br>MELAT, PRESSMAN & HIGBIE, LLP<br>711 South Tejon Street<br>Colorado Springs, CO 80903<br>Phone: (719) 475-0304<br>Fax: (719) 475-0242 | |

**COMPLAINT**

COME NOW the Plaintiffs, Rhonda Evans Barnsbee, by and through her attorneys The Law Firm of MELAT, PRESSMAN & HIGBIE, LLP, and for cause to complain against the Defendants named would state and allege as follows:

1. Your Plaintiff at all times pertinent to the torts and product here alleged was a resident of and domiciled in Colorado Springs, Colorado;

2. The Defendants, Davol, Inc. and C.R. Bard, Inc., are licensed to do business and doing business within the State of Colorado. Davol, Inc., being upon information and belief a subsidiary of C.R. Bard, Inc., or an affiliate;

3. On or about the 14th day of December 2005, your Plaintiff underwent hernia repair surgery where and at which time a Bard Kugel Mesh was implanted;

4. Subsequently, on or about February 5, 2007, a second surgery was necessitated because of the failure of the Bard Kugel Mesh Implant;

5. The Defendant's have given notice of voluntary recall of the Mesh Implant referenced heretofore and have replaced it with a re-engineered "upgraded product;"

6. As a direct and proximate result of the recalled product, heretofore identified, your Plaintiff endured significant pain and suffering which continues, incurred medical expenses in the

EXHIBIT
tabbies
A-1

approximate amount of $40,000, suffered impairments and disabilities, suffered income loss and loss of economic opportunity and a temporary forced change of lifestyle;

## STRICT PRODUCT LIABILITY

7. At all times hereto, the Defendants jointly/severally were manufacturer of the described product, were engaged in the business of distributing and selling such product for use and consumption by such persons as your Plaintiff;

8. The Defendants sold and distributed the Mesh product, it was defective, was unreasonably dangerous to a person who might reasonably be expected to use, consume or be affected by same, to wit your Plaintiff;

9. The product was defective at the time it was manufactured, distributed and sold and left the control of the Defendants, or one of them, and was expected to reach the user or consumer and did reach the user and consumer without substantial change in the condition in which it was sold;

10. Your Plaintiff was a person who would reasonably be expected to use or be affected by said product, she suffered injuries as described heretofore and the injuries were caused by a defect in the Plaintiffs' product;

11. The Defendants, one or both of them, fall into the definition of "manufacturer" as the same is defined in Colorado law;

## UNREASONABLY DANGEROUS

12. At all times pertinent hereto the Bard Kugel Mesh heretofore identified was unreasonably dangerous because of a defect in its design and manufacture and it created a risk of harm to such persons as your Plaintiff, causing her injuries and damages as heretofore alleged; Product liability for breach of warranty;

## PRODUCT LIABILITY FOR BREACH OF WARRANTY

13. The Defendants, or one of them, manufactured, sold and distributed the described Bard Kugel Mesh product and expressly warranted that the product was safe and fit to accomplish the uses for which it was intended and sold;

14. Your Plaintiff was reasonably expected to use, consume or be affected by same and, in fact, was affected by same. The Bard Kugel Mesh was not as warranted and caused a breach of warranty, caused injuries and damages as have been heretofore set out and your Plaintiff, upon discovery of the breach, through her attorneys notified the Defendants, manufacturers, through their attorneys and representatives;

15. Breach of implied warranty: The Defendants, or one of them, manufactured, distributed and sold the described Bard Kugel Mesh;

16. Your Plaintiff was expected to use, consume or be affected by same and, in fact, was;

17. The Defendants, or one of them, were merchants as that is defined in Colorado Product Liability law, with respect to the type of product here involved;

18. The product, previously identified, was not of merchantable quality and that failure and the breach of warranty caused the Plaintiff injuries and damages as have been heretofore described;

19. Upon discovery of the failure, Plaintiff notified the Defendants by their representatives and attorneys;

## BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

20. The Defendants, or one of them, sold the described Bard Kugel Mesh;

21. The Defendants impliedly warranted same to be suitable and fit for a particular purpose, *i.e*, implantation in the human body;

22. Plaintiff was reasonably expected by Defendants to use, consume or be affected by the described product and, in fact, was;

23. The described mesh implant was not fit for the particular purpose for which it was warranted and the breach of warranty has caused damages and injuries to your Plaintiff as have been otherwise described;

24. Upon discovery of the failure of the Bard Kugel Mesh implant, your Plaintiff, through her attorneys, advised the Defendants through their adjustors and attorneys;

## NEGLIGENCE

25. The Defendants, or one of them, manufactured and distributed the Bard Kugel Mesh which was implanted in your Plaintiff;

26. The Defendants, or one of them, negligently failed to exercise reasonable care or to prevent the Mesh from creating an unreasonable risk of harm to a person or persons reasonably expected to use or be affected by same, to wit: your Plaintiff, the Defendants knew or should have known of the defective/dangerous product negligently failed to warn Plaintiff or others of her station negligently failed to remove same from market with promptness when they discovered the dangerous condition, negligently disregard manufactured and sold the defective product

27. Your Plaintiff suffered injuries and damages which were causally related to the Defendants' negligence while the described Mesh was implanted in Plaintiff's body and being used in a manner that Defendant reasonably expected;

## MANUFACTURER/SELLER DUTY TO WARRANT

28. Plaintiff incorporates herein by reference all of the above and foregoing allegations of fact and law as though set out at length;

29. Manufacturers and sellers are under a duty to know or exercise reasonable care should know that a given product might be harmful or injurious to a user and that the risk is not obvious, so the manufacturers must use reasonable care to warn the consumer and remove same from the market; failure to do so is negligence;

30. The Defendants here failed upon a reasonable basis to remove said product from the market;

WHEREFORE Plaintiff prays for relief as follows:

A. For non-economic damages in an amount which will be determined by a jury as to both past and future sufferings and losses;

B. For an amount which will reasonably compensate your Plaintiff for medical expenses incurred as a result of Defendants' product failure and/or negligence;

C. For an amount which will reasonably compensate the Plaintiff for loss of economic opportunity and loss of wages;

D. For an amount which will reasonably compensate the Plaintiff for impairments or disabilities;

E. And for interest as provided by common law or statute or, in the alternative, for moratory interest;

F. And for cost and fees incurred in prosecuting this matter and for such other and further relief as to the Court may seem just and meet in the premises.

Respectfully submitted on this 13th day of December, 2007.

MELAT, PRESSMAN & HIGBIE, LLP

*Original signature on file at the Law Firm*
*Of Melat, Pressman & Higbie, LLP*
*s/ Justin R. Melat, P.C.*

---

Justin R. Melat, P.C., #1120
Attorney for Plaintiff

<u>Plaintiff's Address</u>:
769 Ivy Lane
Greenwood, IN 46143